[No. D037381. Fourth Dist., Div. One. June 20, 2001.]

SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO et al.,
Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ORANGE COUNTY EMPLOYEES ASSOCIATION, INC., Intervener.

## COUNSEL

Van Bourg, Weinberg, Roger & Rosenfeld, James Rutkowski; Altshuler, Berzon, Nussbaum, Rubin & Demain, Stephen P. Berzon, Jonathan Weissglass and Victor Madison Ortiz-de-Montellano for Petitioners.

Wiley, Price & Radulovich, Joseph Wiley and Suzanne Price for Respondent.

Laurence M. Watson, County Counsel, and Wanda S. Florence, Deputy County Counsel, for County of Orange as Amicus Curiae on behalf of Respondent.

Rockwell & Meyer, Richard Rockwell and Paula Meyer for Intervener.

Olins, Foerster & Hayes and Dennis J. Hayes for San Bernardino Public Employees Association as Amicus Curiae on behalf of Intervener.

## OPINION

**McINTYRE, J.**—Service Employees International Union, AFL-CIO and Service Employees International Union, Local 660 (together SEIU) challenge an Orange County Superior Court employee relations regulation requiring employees or an employee organization seeking an election to decertify the exclusively recognized employee representative (i.e., incumbent union) to (1) submit a petition accompanied by the signatures of at least 50 percent of the employees in the bargaining unit, and (2) obtain these signatures within 30 days prior to the date the petition is submitted. (Orange County Superior Court Employee Relations Regulations, Part 5, Article XXV, Section 10 (Section 10).)

SEIU asks this court to issue a peremptory writ of mandate (1) prohibiting the Orange County Superior Court from enforcing Section 10 of its employee relations regulations; (2) requiring it to adopt reasonable signature requirements for future decertification petitions; (3) requiring it to conduct secret ballot elections pursuant to SEIU's timely filed petitions which were accompanied by signatures from 30 percent of the employees in the general and court clerk bargaining units; and (4) prohibiting it from entering into a new contract with the incumbent union, Orange County Employees Association, Inc. (OCEA), for the employees in the supervisory bargaining unit until employees from that unit have an opportunity to call for a decertification election with signatures from 30 percent of them obtained within six months after the issuance of the writ.

We have original jurisdiction over this matter pursuant to article VI, section 10 of the California Constitution, and grant the petition in part and issue a writ of mandate ordering respondent to vacate Section 10 of its employee relations regulations and adopt reasonable showing of interest signature requirements for future decertification petitions pursuant to California Rules of Court, rule 2205. (All rule references are to the California

Rules of Court.) We decline to rule that recertification elections must be held if signatures are obtained from 30 percent of the employees in a bargaining unit and deny SEIU's remaining requests for extraordinary relief.

## FACTS

Respondent, the Orange County Superior Court, is the third largest superior court in California, and has 1,300 employees who work throughout court facilities located in Westminster, Santa Ana, Orange, Fullerton, Newport Beach, Laguna Hills and Laguna Niguel. OCEA is the exclusively recognized employee organization for respondent's employees, and represents them in three bargaining units—general, court clerk and supervisory units. Such exclusive recognition has been held by OCEA since 1989.

Prior to July 1984, Orange County had in place an employee relations resolution which applied to superior court employees, and required employees or employee organizations seeking an election to decertify the incumbent union to obtain signatures from 30 percent of the employees in the bargaining unit within 90 days prior to submitting the request for an election. In July 1984, the time period allowed for collecting the signatures of 30 percent of the employees in a unit was reduced to within 30 days prior to submitting the request.

In February 1990, Dominick Berardino, Assistant General Manager of OCEA, approached Dave Carlaw, Chief of Employee Relations for Orange County, and informed him that OCEA "believed it made sense" to change the employee relations resolution to require the signatures of at least 50 percent of the employees in a bargaining unit in order to petition for a decertification election. Berardino advised Carlaw that this change in the showing of interest requirement "would create a more stable labor environment . . . ." Shortly thereafter, in May 1990, Orange County decided to adopt a new employee relations resolution which increased the number of signatures required to call for decertification elections from 30 percent to 50 percent of the employees in a bargaining unit.

Beginning on January 1, 1998, local courts were given the right to adopt separate rules and policies relating to labor relations with court employees. (See rules 2201-2210.) In May 1998, respondent adopted its employee relations regulations, which are substantially the same as Orange County's employee relations resolutions, including the 50 percent, 30-day, showing of interest requirement.

Pursuant to Section 10, requests for decertification elections may be submitted only during a 30-day period beginning nine months before the

expiration of the bargaining unit's current memorandum of understanding (contract), and must be accompanied by the signatures of 50 percent of the employees in the unit obtained within 30 days prior to submitting the request. If these criteria are met, a secret ballot election is held, and the incumbent union is decertified if a majority of those casting ballots vote for decertification. Generally, memoranda of understanding have terms of two to three years.

On June 19, 1998, OCEA and respondent entered into memoranda of understanding covering the wages, hours and other terms of employment for the general, court clerk, and supervisory bargaining units. These memoranda of understanding expired on April 5, 2001. On August 3, 2000, SEIU submitted to respondent a timely request for decertification elections for the general and court clerk units. This request was accompanied by signatures obtained within the previous 30 days from 37 percent of the employees in the general unit and 33 percent of the employees in the court clerk unit. On August 8, 2000, respondent rejected the request for decertification elections on the ground that SEIU did not meet the 50 percent signature requirement for either bargaining unit.

SEIU then filed this petition for writ of mandate in Division Three of this court. It was transferred to this division in February 2001, and on March 1, 2001, we issued an order to show cause.

## DISCUSSION

In general, labor relations between local government employers and employees are regulated by the Meyers-Milias-Brown Act (MMBA), Government Code section 3500 et seq. (*Santa Clara County Counsel Attys. Assn. v. Woodside* (1994) 7 Cal.4th 525, 536 [28 Cal.Rptr.2d 617, 869 P.2d 1142].) (All statutory references are to the Government Code.) The intent and language of the MMBA provide "strong protection for the right of employees to be represented by unions of their own choosing." (*International Brotherhood of Electrical Workers v. City of Gridley* (1983) 34 Cal.3d 191, 202, fn. 12 [193 Cal.Rptr. 518, 666 P.2d 960].) In 1998, local courts were given the authority in rules 2201 through 2210 to adopt their own rules pertaining to labor relations, with the limitation that such rules not impair the rights and remedies granted under the MMBA. (§ 68653.)

The MMBA, in section 3507, provides that public agencies "may adopt reasonable rules and regulations after consultation in good faith with representatives of an employee organization or organizations for the administration of employer-employee relations . . . ." Similarly, rule 2205(b) provides that courts "may adopt reasonable rules and policies after consultation

in good faith with representatives of a recognized employee organization or organizations for the administration of employer-employee relations . . . ." Since the language in rule 2205 is substantially the same as the language in section 3507, rule 2205 must be interpreted and applied in accordance with judicial interpretations of section 3507. (§ 68653; rule 2208.)

█ Accordingly, pursuant to the California Supreme Court's interpretation of section 3507, we must decide if Section 10 is reasonable in light of the intent of the MMBA to provide strong protection for the right of employees to be represented by unions of their own choosing. (*International Brotherhood of Electrical Workers v. City of Gridley, supra,* 34 Cal.3d at pp. 199-202, 202, fn. 12.) In making this determination, we may also look to National Labor Relations Board cases and other federal authorities as guides. (See, e.g., *id.* at pp. 202-203; see also Grodin, *Author's Comments to Public Employee Bargaining in California: The Meyers-Milias-Brown Act in the Courts* (1999) 50 Hastings L.J. 761, 762-763.) We conclude Section 10, which requires a request for a decertification election to be accompanied by the signatures of 50 percent of the employees in a bargaining unit collected within 30 days prior to the submission of the request, is not reasonable.

It is important to note that at issue is respondent's showing of interest requirement, i.e., the amount of employee signatures and the time allotted to collect them in order to simply call for a decertification election, and not the amount or percentage of votes required to actually decertify an incumbent union in an election. The purpose of the showing of interest requirement is to save the time and expense of having an election if there is insufficient employee interest; it is not intended to determine what the employees ultimately desire. (See *The Pike Co. and Bricklayers and Allied Craftsman, Local No. 11* (1994) 314 NLRB 691, 691-692.) Under Section 10, however, the showing of interest required to have a decertification election is more onerous and requires greater support from the employees than actually winning the election. Pursuant to Section 10, signatures from 50 percent of all the employees in a bargaining unit must be collected in 30 days to simply call for a decertification election; in contrast, the incumbent union will be decertified if a majority of *those casting ballots* in a secret ballot election vote in favor of it. Such a rule is neither consistent with protecting the right of employees to be represented by unions of their choosing, nor with the purpose of the showing of interest requirement in general. (See *International Brotherhood of Electrical Workers v. City of Gridley, supra,* 34 Cal.3d at pp. 199-202.)

Indeed, with the exception of Orange County, respondent's showing of interest requirement is more onerous than those of the 16 local agencies cited

by SEIU as well as respondent and OCEA. Monterey, Sacramento, San Mateo, Santa Barbara, Santa Clara, Yolo and Yuba Counties and the Orange County Sanitation District require that petitions for decertification elections be accompanied by signatures from 30 percent of the employees in a bargaining unit collected over a six-month period. Riverside and San Berardino counties require signatures from 40 percent of the employees collected in a 30-day period. San Luis Obispo County requires a 40 percent showing of interest collected over a year, and the City of Seal Beach requires a 40 percent showing of interested collected over any time period. The cities of San Diego and Richmond have the second most onerous showing of interest rules, and require signatures from 50 percent of the employees collected within a 90-day period.

It is not surprising that soon after OCEA became the exclusively recognized employee organization for respondent's employees, it recommended that the showing of interest signature requirement be raised from 30 percent to 50 percent in order to "create a more stable labor environment . . . ." Such an increase far better protects OCEA's status as the incumbent union. However, rules or policies that might promote a stable labor environment cannot be used to abrogate or circumvent the strong protection afforded the right of employees to be represented by the union of their choosing. (See *International Brotherhood of Electrical Workers v. City of Gridley, supra,* 34 Cal.3d at pp. 199-202.) Moreover, the interests in avoiding labor instability are adequately protected by the fact that under Section 10, decertification petitions may be submitted only during the 30-day period beginning nine months prior to the expiration of the memorandum of understanding—which typically will have a two- to three-year term.

Accordingly, we hold that Section 10's requirement that a request for a decertification election be accompanied by the signatures of 50 percent of the employees in a bargaining unit collected within 30 days prior to submitting the request is unreasonable. However, we decline to direct respondent to conduct decertification elections upon a showing of interest of 30 percent of the employees in a bargaining unit or otherwise formulate or specifically fix respondent's showing of interest requirement. Rather, we shall order respondent to vacate Section 10 of its employee relations regulations and adopt reasonable showing of interest requirements for future decertification petitions pursuant to the good faith meet and confer requirement set forth in rule 2205(b).

## DISPOSITION

Let a writ of mandate issue ordering the Superior Court of Orange County to vacate Section 10 of its employee relations regulations and adopt reasonable showing of interest requirements for future decertification petitions

consistent with this opinion and pursuant to the good faith meet and confer requirement set forth in rule 2205(b). Costs are awarded to petitioners.

Benke, Acting P. J., and O'Rourke, J., concurred.

Intervener's petition for review by the Supreme Court was denied September 19, 2001. Chin, J., did not participate therein.